## JEREMIAH EAMES, *et a.* Executors of James Dewey, *versus* THOMAS CARLISLE and W. FARRAR and JOSIAH BELLOWS.

E. and others on the one part, and C. and B. on the other, agreed to submit a claim of the former against the latter to the determination of referees. Afterwards C. B. and F. gave a bond to E. and others, with a condition that C. and B. should perform the said agreement on their part within ninety days from the date of the bond. It was held that a neglect on the part of C. and B. to perform an award made after the expiration of the ninety days, was not a breach of the condition.

DEBT upon a bond dated May 3, 1822, in the sum of $10,000. The defendants craved oyer of the bond ; and of the condition, one clause in which was as follows :— " And also the said Thomas and Josiah shall well and truly perform and carry into effect on their part, in good faith, the agreement and contract entered into and signed by Thomas Carlisle, and company, Josiah Bellows, 2d, and John Dewey, dated April 17, 1822, in the course of

Eames et a.
v.
Carlisle et a.

ninety days from this date." The defendants then plead-
ed performance of the condition aforesaid.

The plaintiffs in their replication set out the agreement
and contract aforesaid, dated the 17th April, 1823, as
follows : " It is understood and agreed between John
Dewey on the part of the executors of James Dewey and
Thomas Carlisle, and company as follows :   " All claims
of the executors and of the estate against Thomas Car-
lisle, and company for expenses, damages and costs that
have arisen to, or have been incurred by the executors,
or the estate, in consequence of the failure of Thomas
Carlisle, and company, or in consequence of the failure
of Josiah Bellows, 2d, and Thomas Carlisle to perform
the condition of their bond of January 30, 1821, execu-
ted to James Dewey to be (in case the parties do not
agree upon the subject) referred to B. B., Th. P. and S.
C., who are to decide what the said Carlisle, and compa-
ny ought in point of equity and justice to pay to said ex-
ecutors and estate.   The expenses and costs of reference
to be paid by the said Thomas Carlisle, and Company.
The parties to abide decision," &c. Amount of the award
to be paid in nine months from this date with interest
from the date of the award."

The replication then alleges an award made in pursu-
ance of said agreement on the 5th January, 1824, and
assigns a breach in the non payment of the sum awarded.

To this the defendants rejoined that on the 5th Janu-
ary, 1824, they revoked the authority of the referees.

To this rejoinder the plaintiffs demurred and the de-
fendants joined in demurrer.

*Nelson*, in support of the demurrer.

The defendants in their plea allege performance, on
their part, of the contract of the 17th April, 1823 ; but in
their rejoinder they rely upon a revocation of the author-
ity of the referees by themselves, which is a breach of
that contract.   The rejoinder is a departure.

*Woodbury* and *Bell*, for the defendants.

Eames et a.
*v.*
Carlisle et a.

It is not necessary to discuss the merits of the rejoinder, because the replication is insufficient. The objection to it is this : the condition of the bond is, that the defendants shall well and truly perform and carry into effect, on their part, in good faith, the contract of the 17th April, 1823, ih the course of ninety days, from the date of the bond. The breach of the condition on which the plaintiffs rely, is the non payment of a sum of money awarded by the referees on the 5th January, 1824, after the expiration of the ninety days. Now it is contended that the payment of the sum thus awarded is not within the condition of the bond. The real intent of the condition was, that Bellows and Carlisle should perform the contract, so far as its performance might depend upon them, within ninety days ; and if within that time they did all which was to be done on their part to give effect to the contract, the condition of the bond is performed. The defendant, Farrar, is a stranger to the contract to be performed and must be considered as a surety ; and the condition must receive the same construction as if the action were against him alone. 6 East, 512. It is a well settled rule of law that a surety is not to be bound beyond the scope of his engagement. 2 Saund. 415, note 5.

It is not alleged that Bellows and Carlisle did not well and truly perform and carry into effect, on their part, the contract within ninety days. For ought that appears they may have done all which was in their power to do, and all which was to be done on their part. It may have been owing to the negligence of the plaintiffs themselves, or of the referees, that the award was not made and satisfied within the ninety days. Then can a condition that they should carry into effect the contract, on their part, within ninety days, be construed to bind them to pay a sum awarded under the contract after the expiration of the time ? It is one thing to be bound to abide any award that should be made under the agreement at any time ; and another thing to be bound to perform and car-

Eames et a.
v.
Carlisle et a.

ry into effect the contract on their part in ninety days. Had the award been made within the time, they would have been clearly bound to pay. But there being no award within the time, they are as clearly not bound to pay within the meaning of the condition.

*Nelson*, in reply—The question is, whether the replication assigns a sufficient breach of the condition of the bond? It sets out an award made by the arbitrators upon the premises on the 5th January, 1824, and before the expiration of nine months from the date of the agreement, and assigns as a breach of the condition of the bond the non payment of that award within the nine months. To show a breach of the agreement, in a thing to be done by Bellows and Carlisle, is to show a breach of the condition of the bond; for the substance of the condition is to perform and carry into effect the agreement.

By the agreement the parties submitted certain questions to the determination of certain persons, and Bellows and Carlisle expressly undertake to pay the amount of their award in a given time. The arbitrators in pursuance of the authority given them made their award upon the premises within the time limited by the agreement. But Bellows and Carlisle have neglected to pay the amount of the award. If the award is valid, this neglect to pay is on the part of B. and C. is necessarily a breach of the agreement. No exception is taken to the validity of the award. But the condition of the bond is, that Bellows and Carlisle shall well and truly perform and carry into effect, on their part, in good faith, that agreement in three months from the date of the bond. If then, the replication shows, that the agreement was not performed or carried into effect by B. and C. within the time stipulated in it, it necessarily follows that it also shows a breach of the condition of the bond.

The only difference between the agreement and the condition of the bond, with respect to the payment of

the amount of the award is, as to the time when payment is stipulated to be made. The thing to be done is the same in both ; but the time stipulated for doing it is more limited by the latter than by the former.

The bond cannot bear any other construction than that the whole contract was to be performed. It was not to be made to mean that B. and C. were to perform and carry into effect only so much of the contract as was by the terms of it to be done in three months. No, they were to perform the whole. And the circumstance that they have reserved to themselves less time for the performance of it by their bond than they had by the agreement, does not relieve them from the obligation of performance.

Nor is it enough for the defendants to say that the award not having been made at the expiration of three months it was impossible to pay it within that time. The condition was either possible or impossible, at the time of the execution of the bond. If the latter, the condition was void and the bond is single. Coke Litt. 206, *a.*

If the former, it should have been performed. Nothing has been done by the plaintiffs to prevent it. The condition was no doubt possible. B. and C. might at any time have procured a meeting of the arbitrators as well as the plaintiffs, and if the plaintiffs, having due notice, had neglected to attend and make proof of their claims, the award would of course have been more favorable to B. and C. This might be the more reasonably expected of them as they were at all events to pay the expenses of the arbitration. The conclusion, then, is unavoidable that the replication does state a sufficient breach of the condition of the bond.

RICHARDSON, C. J. The question to be decided in this case is, does the replication show a breach of the condition of the bond ?

On the 17th April, 1823, these plaintiffs on the one side, and Bellows and Carlisle on the other, agreed to submit

to referees certain claims of the plaintiff against Bellows and Carlisle, and the agreement contained a stipulation that the amount of the award should be paid in nine months from that date, and that Bellows and Carlisle should pay the expenses of the reference.

On the 3d May, 1823, this bond was given by Bellows and Carlisle and W. Farrar, the defendants. The condition of the bond is, that Bellows and Carlisle shall perform and carry into effect, on their part, in good faith, the agreement of the 17th April, 1823, in ninety days from the said third day of May.

It is said on the part of the plaintiff that if a breach of the agreement is shown, it necessarily follows that a breach of the condition of the bond is shown ; and if this be true it seems that a breach of the condition is shown. It is therefore necessary to examine the nature of the two contracts. In doing this it must be kept in mind that the parties to the two contracts are not the same. Farrar is a stranger to the agreement, and nothing appearing to the contrary, he must stand on the ground of a surety, and by a well settled rule of law is not as such to be bound beyond the scope of his engagement.

The substance of the condition of the bond is, that Bellows and Carlisle shall perform the agreement on their part in ninety days. What then was to be done on their part ? The agreement was to refer the claims of the plaintiffs. It was certainly the business of the plaintiffs to call the referees together, exhibit to them their claims and procure an award. This was not a matter to be done by Bellows and Carlisle. All that was to be done on their part was to pay the expenses of the reference and perform the award. Now the condition of the bond is not that that they shall perform the award, but that they shall perform the agreement, on their part, within ninety days ; and they contend that from the very nature of the stipulation, an award not made within the ninety days cannot be within the condition. And

on this point we are of opinion with the defendants. As they stipulated with the plaintiffs that Bellows and Carlisle should perform the contract, on their part, in ninety days, and as nothing could be done on their part, until the plaintiffs procured an award, an award procured by the plaintiffs within the time was a condition precedent necessarily implied in the nature of the transaction, a performance of which, on the part of the plaintiffs, must appear before any breach of the contract, on the part of the defendants can be shown.

It has been urged, that it is a part of the condition necessarily implied in its terms, that Bellows and Carlisle should procure an award. But even admitting this to be the natural import of the condition, it cannot avail the plaintiffs on these pleadings, because the negligence of Bellows and Carlisle, in this respect, is not assigned as as a breach of the condition. And if the true import of the condition is that they should procure and perform an award within ninety days, the real breach of the condition has been in not procuring the award within ninety days, and the non performance of an award made afterwards is clearly not within the meaning of the condition. If the condition were, what the counsel of the plaintiffs contend it is, it would not be reasonable, with respect to the surety, to hold an award made after ninety days to be within it, because that would be giving a construction to the condition that would render the surety liable for years, instead of construing it according to the natural import of its terms in such manner that if broken at all it must be broken within ninety days.

We are therefore of opinion that the replication is, in law, insufficient, and that the defendants are entitled to judgment.

*The plaintiffs had leave to amend.*